THE STATE, SAMUEL E. FISHER, PROSECUTOR, v. ELIAS R. PERRINE AND CHARLES H. PERRINE.

Argued June 7, 1898—Decided January 13, 1899.

An appeal from a judgment of the Justice's Court, taken by a defendant against whom it has been rendered, which has been dismissed for want of prosecution, will not be subsequently reinstated, on the defendant's application, unless it be made to appear that he has a meritorious defence, which, owing to surprise, he has been prevented from making.

On *certiorari.*

Before Justices LIPPINCOTT and GUMMERE.

For the prosecutor, *Freeman Woodbridge.*

For the defendants, *Alan H. Strong.*

The opinion of the court was delivered by

GUMMERE, J.   This case involves the legality of a rule of the Court of Common Pleas of Middlesex county, entered July 20th, 1897, reinstating two appeals which it had previously dismissed for want of prosecution, on the motion of Fisher, the prosecutor herein.   The first of these appeals was from a judgment rendered against the defendant Elias R. Perrine, in the Court for the Trial of Small Causes, before Robert P. Mason, justice of the peace, and was dismissed May 29th, 1888 ; the second was from a judgment rendered against both of the defendants herein, in the Court for the Trial of Small Causes, before John M. Lucas, justice of the peace, and was dismissed October 9th, 1894.

The application to reinstate the appeals was based upon an allegation of surprise and merits, but, on the hearing, the sole effort of the defendants was to prove surprise, no attempt being made by them to show the existence of merits.

The power of the Court of Common Pleas to reinstate an appeal which has been dismissed for want of prosecution, is

not absolute. Where the application to reinstate is made by a defendant who has appealed from a judgment entered against him in a Court for the Trial of Small Causes, it should only be granted when it is shown that he has a meritorious defence which, owing to surprise, he has been prevented from making. And where the appeal is improperly reinstated, the proceedings may be set aside in this court by *certiorari. Howell* v. *Van Ness,* 2 *Vroom* 443.

The rule under review having been made without any proof, on the part of the defendants, of the existence of a meritorious defence in either of said causes, was improvidently entered.

But even if it had been made to appear that the defendants had a meritorious defence to the suits brought against them, the rule reinstating the appeals should have been refused. The failure of the defendants to move for a reinstatement of their appeals, in one case for more than nine years, and in the other case for nearly three years, after they were dismissed, was such gross laches as, in itself, to disentitle them to the relief sought by them.

The rule reinstating the appeals should be set aside, with costs to the prosecutor.